HALL Judge.
Plaintiff construction company brought this suit to recover the sum of $948.50 being the amount allegedly due on a verbal contract for the repair of defendant’s roof. The suit was originally brought against Arthur Cormier, Jr., but was later amended to designate Henry A. Cormier, Jr., as the proper defendant. In his answer defendant denied owing the amount claimed by plaintiff but admitted owing a balance of $413.57 which he deposited in the registry of the Court. Defendant then reconvened for $1,000.00 damages (including $500.00 as attorney’s fees) for discomfort, humiliation, embarrassment and mental anguish occasioned by plaintiff’s alleged delay in completing the work.
The Trial Judge rendered judgment in plaintiff’s favor for $731.04 plus interest and costs and dismissed defendant’s recon-ventional demand. Defendant appealed. Plaintiff neither appealed nor answered the appeal.
The case involves questions of fact only. Defendant’s roof was damaged by Hurricane “Betsy” in September 1965. The repairs were commenced in the early part of 1966 by plaintiff under a verbal contract with defendant. Completion of the work was somewhat delayed by scarcity of materials at the time but was finally completed in a good workmanlike manner.
The principal contention between the parties is with reference to the original contract price. Plaintiff contends that the contract price was $1,374.50, subject to a credit of $426.00 for materials furnished by defendant leaving a balance due him of $948.-50. Defendant contends that the contract price was $1,014.50, subject to a credit of $491.93 for materials furnished and sold to defendant, and also subject to a set-off of $109.00, being the cost of repairing water damage to the ceilings allegedly caused by plaintiff’s negligence during the repair of the roof, leaving a balance due of $413.57.
Since the Trial Judge did not render any written reasons for judgment we are at a loss to determine exactly what deductions *55 he allowed but it is obvious from the amount of the judgment rendered that he found the original contract price to be $1,-374.00 as contended by plaintiff. Defendant contends that the Trial Court committed error in so finding.
The record reveals that the contract was entered into between Mr. John D. Reed, representing the plaintiff partnership, and the defendant. No one else was present except James Schuttenberg, plaintiff’s roofing foreman. All that Schuttenberg remembered was that the price arrived at between them was something over $1,300.00.
Mr. Reed testified that shortly after the hurricane he estimated the job at $1,374.50 but when Schuttenberg informed him that defendant would furnish the shingles he gave defendant a $360.00 credit therefor bringing the price down to $1,014.50. He testified (Tr. 13) “* * * Now the only price I gave Mr. Cormier was One Thousand Fourteen dollars and fifty cents ($1,-014.50). These are the original notes right here. Now, he wanted a copy of this and at the time I was very busy and I didn’t have time to type it up. I said T can give you this’. * * * ” Subsequent to that he gave defendant credits for other materials furnished by him in the total sum of $66.00.
Defendant testified that the contract price agreed upon was $1,014.50 and that Mr. Reed wrote this figure down on a business card which he kept for a long time but which has now been lost. Defendant further testified that from the contract price of $1,014.50 there should be deducted materials furnished by him in the total amount of $491.93. It is noted that the deductions claimed by defendant include $360.00 for furnishing the shingles.
Defendant contends that a demand letter written to defendant by plaintiff’s attorney prior to trial confirms defendant’s contention that the original contract price was, $1,014.50. This letter reads in part as follows:
“I have been consulted by Mr. John Reed with reference to payment due him by you for work on the roof of your property * * *.
“Mr. Reed informs me that the total cost of the job agreed upon was $1,014.50. You received a credit of $66.00 for materials furnished, leaving a balance of $948.50 * * (Emphasis supplied.)
It is noted that this letter makes no mention of the $360.00 deduction for shingles and in our opinion it not only does not confirm defendant’s contention but rather serves to confirm plaintiff’s contention that his original estimate was for $1,374.50, which he reduced to $1,014.50 when he learned that defendant wished to furnish the shingles.
Defendant contends that the Trial Court erred in refusing to allow defendant to introduce evidence relating to an estimate on this job given to him by another contractor and evidence relative to his settlement with his insurance company for storm damage caused by the hurricane. We find no error in the Court’s ruling since neither the estimate of another contract nor defendant’s settlement with his insurance company would prove the contract price agreed upon between the parties.
In his original answer plaintiff claimed deductions for materials furnished in the amount of $491.93. By supplemental answer defendant claimed an additional deduction of $109.00 by way of set-off against the contract price for the cost of repairing water damage to the ceilings allegedly caused by plaintiff’s negligence while the roof was being repaired.
There is no mention of this item in the brief filed by defendant in this Court, nor indeed does defendant contend in his brief that the Trial Court erred in any manner with respect to the deductions allowed by *56 the Court. However in oral argument before us defendant’s counsel urges that an additional deduction should.be made for this $109.00 item.
Defendant testified that following completion of the roofing job by plaintiff he found water damage to his plaster ceilings and that this damage occurred during the roofing repairs and was occasioned by plaintiff’s negligence; that he hired a painter to paint over the water damage at a cost to him of $109.00 (as a matter of fact the painting cost $84.00). However none of the witnesses called by defendant was able to testify whether the alleged damage happened prior to or after commencement of the roof repairs and it is more reasonable to assume that the damage occurred during the hurricane which necessitated the roof repairs.
Defendant adduced no proof whatever with reference to his reconventional demand.
As we have previously stated it is impossible to determine exactly what items of materials furnished by defendant were allowed by the Trial Judge as deductions from the contract price. However defendant appears satisfied with the amount of deductions allowed for materials furnished and plaintiff cannot be heard to complain with respect thereto since he neither appealed nor answered the appeal but prayed that the judgment be affirmed.
We are presented here with questions of fact only and the Trial Court’s evaluation of the evidence and resolution of question of fact will not be disturbed on appeal except for manifest error. We find no error in the judgment appealed from.
For the foregoing reasons the judgment appealed from is affirmed; costs of this appeal to be borne by defendant-appellant.
Affirmed.